UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERENCE J. JONES, SR.,

    Plaintiff,

v.   Case No: 8:24-cv-00641-KKM-NHA

ALASH KAUSHAL, and
PTL EXPRESS, INC.,

    Defendants.
_____

## ORDER

Terrence J. Jones, Sr., sued Alash Kaushal and PTL Express, Inc., in state court on several tort theories relating to an automobile accident that occurred in March 2022. Compl. (Doc. 1-1) ¶¶ 6–11. Kaushal removed the case to federal court, invoking diversity jurisdiction. Notice of Removal (NOR) (Doc. 4) ¶¶ 3–27.[1] Following review of the notice of removal, I remand the case to state court because Kaushal has failed to demonstrate that the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. §§ 1332, 1447(c).

---

[1] The Clerk notified Kaushal that he needed to refile his original notice of removal (Doc. 1), which improperly included several documents (for example, a notice of lead counsel designation) required to be filed on the docket separately. *See* (Doc. 1) at 8–19; NOR.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove any case in which a federal district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(b). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Id.*

Here, Kaushal fails to satisfy his burden of establishing that the amount in controversy exceeds $75,000. In the notice of removal, Kaushal states that Jones's complaint alleges damages in excess of $50,000. NOR ¶ 16; *see also* Compl. (Doc. 4-1) ¶ 1. That is an accurate description of the complaint, *see* Compl. ¶¶ 1, 8, 10, 11, but it definitionally cannot carry Kaushal's burden to show that over $75,000 is at stake. Kaushal next points to the "factual allegations as phrased in the [c]omplaint." NOR ¶ 18. The only additional allegation relating to the amount in controversy is that the accident "caus[ed] [Jones] to sustain serious injuries," which is then followed by a boilerplate damages paragraph. Compl. ¶¶ 7–8. That Kaushal repeats the complaint's vague allegations as to damages cannot establish that the jurisdictional threshold has been met without more. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001) ("A conclusory

2

allegation in the notice of removal that the [amount in controversy] is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

Finally, Kaushal contends that there are two pieces of "hard evidence that the amount in controversy requirement has been met," NOR ¶ 23, a pre-suit demand letter "far in excess of $75,000," *id.* ¶ 19, and "medical and billing records provided by [Jones]," *id.* ¶ 23. But Kaushal does not file either—neither document is attached to the notice of removal or elsewhere available on the public docket. *See generally* (Doc. 1); NOR. Again, conclusory and speculative assertions in the notice of removal are insufficient to establish that the amount in controversy exceeds the jurisdictional threshold unless they are backed by supporting evidence. *See Williams*, 269 F.3d at 1319–20.

Accordingly, I do not have subject matter jurisdiction over this case because Kaushal fails to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Remand is warranted. *See* 28 U.S.C. §§ 1332, 1447(c); *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 993–94 (11th Cir. 2022) ("When a civil case has been removed from state court to federal court, a district court must remand that removed case back to state court when the district court does not have subject matter jurisdiction.").

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 14, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge